IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 4:20cr41-AW/MAF

EDWARD ALEXANDER MILLER JR.,

      Defendant.
_____/

## STATEMENT OF FACTS

The Defendant admits that if this case were to proceed to trial, the government could prove the following beyond a reasonable doubt.

1. A Confidential Informant ("CI") told the Bureau of Alcohol, Firearms, and Explosives ("ATF") that a certain individual using the alias "Dawg" claimed to have access to guns in the 1010 Basin Street area of Tallahassee, Florida. ATF subsequently identified the subject "Dawg" as **EDWARD ALEXANDER MILLER JR.**, a person who previously been convicted of several felonies. ATF began an investigation.

2. On October 22, 2019, the CI informed ATF that on October 20, 2019, **MILLER** agreed to sell a firearm and crack cocaine to the CI's "boss," an ATF Special Agent working in an undercover capacity ("ATF UC"). That same day, the CI placed recorded calls to **MILLER** to arrange the purchase of crack cocaine and

FILED IN OPEN COURT THIS
2/4/2021  cm
CLERK, U.S. DISTRICT
COURT, NORTH. DIST. FLA.

a firearm by the ATF UC from **MILLER**. **MILLER** agreed to meet the CI and the ATF UC. ATF recorded **MILLER** subsequently selling the ATF UC crack cocaine for $100. But **MILLER** did not sell a firearm to the ATF UC on this occasion.

3. On October 29, 2019, the CI informed ATF that on October 28, 2019, the CI arranged to purchase a firearm from **MILLER** for the ATF UC. Between approximately 12:00 pm and 2:05 pm, the CI made several unsuccessful attempts to contact **MILLER** on recorded calls. At about 3:00 pm, the CI and ATF UC drove in an ATF undercover vehicle to **MILLER**'s residence, an apartment complex at 1010 Basin Street. Both the CI and ATF UC were equipped with electronic recording devices.

4. Upon arrival, the CI engaged **MILLER** in a conversation to purchase $200 worth of crack cocaine and a firearm. The CI asked **MILLER** about the firearm to which **MILLER** replied, "The stick? The one I said is legit but it's stolen. He don't need a hot stick. There might be a body on it." The CI told **MILLER** that the ATF UC was buying it for the CI. Then **MILLER** told the CI to wait and entered the apartment through the back door. **MILLER** then exited the back of apartment #105 and squatted down in a stairway next to the back door of apartment #105 and showed the CI a plastic bag with crack cocaine. The CI and **MILLER** walked around the apartment building towards the front to meet with the ATF UC.

5. **MILLER** began to speak with the CI and ATF UC while the latter was sitting in the driver seat of the ATF vehicle. **MILLER** then handed the ATF UC a clear plastic bag containing crack cocaine in exchange for $200.00. The ATF UC was advised that **MILLER** did not have a firearm to sell at this time. **MILLER** informed the ATF UC that he did have a gun to sell, but he did not know if the ATF UC would want the gun because it might have a "body" on it. The ATF UC told **MILLER** that he did not care if the firearm had a body on it. The ATF UC acted as though he was disappointed that **MILLER** did not have a firearm on hand to sell at that moment and told **MILLER** that he had the money available to purchase the gun.

6. After purchasing the crack cocaine, the ATF UC and the CI left 1010 Basin Street without being able to purchase a firearm and were driving back to the prearranged meet location when the CI received a call from **MILLER**. **MILLER** advised that he had a firearm to sell the ATF UC for $500.00. The ATF UC advised that he only $475.00 left. **MILLER** agreed to sell the firearm to the ATF UC for $475.00.

7. When the ATF UC and the CI returned to 1010 Basin Street, the CI got out of the front passenger seat of the UC vehicle so that **MILLER** could sit in the front seat while the CI got into the back seat behind **MILLER**. **MILLER** was carrying a pink bucket which held an unknown item wrapped in a red shirt.

8.  While parked in the parking lot of 1010 Basin Street, the ATF UC unwrapped the red shirt and observed a black in color Springfield 9mm pistol, along with an extended magazine and a small black pouch containing ammunition for the firearm. The ATF UC told **MILLER** that he liked the firearm and then exchanged $475.00 in ATF funds for the firearm and accessories (magazine and ammunition).

9.  Following the sale of the firearm, **MILLER** asked the ATF UC to drive him across the street to the intersection of Basin Street and Arizona Street to drop him off so that the apartment manager would not see him selling items to the ATF UC.

10. ATF's analysis of the firearm obtained from **MILLER** determined that it is a Springfield Model XD-S semiautomatic pistol, serial number XS918149, using 9x19 millimeter Luger ammunition. It is manufactured by HS Produkt in Croatia. Therefore it moved in foreign commerce. It is a firearm as defined in Title 18 U.S.C., Chapter 44, Section 921(a)(3).

11. On or about January 10, 1997, **MILLER** was convicted in the State of Florida of Possession of Cocaine with Intent to Sell or Deliver. This offense is punishable by imprisonment for a term exceeding one year.

12. On or about January 29, 1998, **MILLER** was convicted in the State of Florida of Possession of a Controlled Substance and Battery on a Law Enforcement

Officer. These offenses are punishable by imprisonment for a term exceeding one year.

13.     On or about February 4, 2003, **MILLER** was convicted in the State of Florida of Possession of Cocaine. This offense is punishable by imprisonment for a term exceeding one year.

14.     On or about March 1, 2004, **MILLER** was convicted in the State of Florida, in case number 2004CF297A, of Possession of Cocaine with Intent to Sell or Deliver. This offense is punishable by imprisonment for a term exceeding one year.

15.     On or about March 1, 2004, **MILLER** was convicted in the State of Florida, in case number 2004CF480A, of Sale of Cocaine and Possession of Cocaine with Intent to Sell or Deliver. These offenses are punishable by imprisonment for a term exceeding one year.

16.     On or about September 11, 2006, **MILLER** was convicted in the State of Florida of Sale or Possession of Cocaine with Intent to Sell within 1,000 Feet of a Church. This offense is punishable by imprisonment for a term exceeding one year.

17.     On or about April 11, 2013, **MILLER** was convicted in the State of Florida of Possession of Contraband at a County Detention Facility and Possession of Hydrocodone. These offenses are punishable by imprisonment for a term exceeding one year.

18. On or about July 8, 2014, **MILLER** was convicted in the State of Florida of Possession of Cocaine with Intent to Sell within 1,000 Feet of a Convenience Store and Tampering with Evidence. These offenses are punishable by imprisonment for a term exceeding one year.

19. **MILLER** knew that he had previously been convicted of a felony when he possessed the firearm on October 29, 2019.

20. On May 8, 2020, the coordinator for Office of Executive Clemency of the State of Florida certified that there is no record of restoration of civil rights for **MILLER**, or any application pending for clemency at that time.

## ELEMENTS

### COUNT ONE (18 U.S.C. §§ 922(g)(1) and 924(e)) – Possession of a Firearm by a Convicted Felon

(1) The Defendant knowingly possessed a firearm in or affecting interstate or foreign commerce;

(2) Before possessing the firearm, the Defendant had been convicted of a felony—a crime punishable by imprisonment for more than one year; and

(3) The Defendant knew he was a convicted felon at the time he possessed the firearm.

                                        Respectfully submitted,

                                        LAWRENCE KEEFE
                                        United States Attorney

_/s/ Joseph F. Debelder_  
JOSEPH F. DEBELDER                      _/s/ Andrew J. Grogan_  
Attorney for Defendant                   ANDREW J. GROGAN  

Date: 2/4/21                                 Assistant United States Attorney
                                        Florida Bar No. 85932
                                        111 North Adams Street, Fourth Floor
                                        Tallahassee, Florida 32301
                                        (850) 942-8430
                                        andrew.grogan@usdoj.gov

                                        Date: Feb 4, 2021

_/s/ Edward Miller_  
EDWARD A. MILLER JR.  
Defendant

Date: 2-4-21